UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:18-CV-279-REW |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ESTATE OF BETTY LOUISE PARKS, | ) | |
| DECEASED, et al., | ) | |
| | ) | |
| Defendants. | | |

*** *** *** ***

The United States filed this foreclosure action on October 29, 2018. DE #1 (Complaint). On February 20, 2019, the Court directed the United States to show cause why the Court should not dismiss the action based on the Government's failure to serve Defendants within the time permitted by Federal Rule of Civil Procedure 4(m). DE #4. The United States responded, largely citing its inability to locate the Defendants as the basis for its service delay. DE #5. Plaintiff also filed motions for Warning Orders as to each Defendant contemporaneously with its response. DE ##7, 8, 9, 10, 11, 12.

Rule 4(m) provides:

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice as to that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The current formulation of the Rule thus permits the Court, in its discretion, either to dismiss the action without prejudice or to extend the time for service, where the plaintiff has not shown good cause for its failure to timely serve the defendants. However, "[t]he second

1

sentence 'eliminates the Court's discretion where good cause is shown.'" *Raniero v. UPS Ground Freight, Inc.*, No. CV 16-230-DLB-CJS, 2017 WL 5075245, at *1 (E.D. Ky. Nov. 3, 2017) (quoting *Bradford v. Bracken Cty.*, 767 F. Supp. 2d 740, 753 (E.D. Ky. 2011)). Accordingly, the Court first looks to whether good cause exists for the failure to serve, and, if there is none, it next must consider whether dismissal or additional time is appropriate, in its discretion. *Id.* While Rule 4(m) does not explicitly define good cause, "the Sixth Circuit has required 'at least excusable neglect.'" *Bradford*, 767 F. Supp. 2d at 754 (quoting *Stewart v. Tenn. Valley Auth.*, 238 F.3d 424 (Table), No. 99-5723, 2000 WL 1785749, at *1 (6th Cir. 2000)). As in Rule 6(b), "[t]he determination of whether a case of neglect was excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). However, "[t]he excusable neglect standard has consistently been held to be strict, and can be met only in extraordinary cases." *Id.* (quoting *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989)); *see also Raniero*, 2017 WL 5075245, at *2.

   As grounds for its failure to serve Defendants within the ninety-day limit, Plaintiff states that (1) it attempted to serve Vicky Mays at her last known address via certified mail, but the mail was returned as undeliverable; (2) it attempted to locate another address for Mays, but the search was unsuccessful; and (3) it has been equally unsuccessfully attempting—since the filing of the Complaint—to locate other heirs of Betty Louise Parks. DE #4 at 1. Plaintiff does not address the remaining Defendants, nor does it explain its failure to pursue Warning Order services for the unlocated Defendants prior to the Rule 4(m) deadline. Accordingly, given this explanation, the United States has not shown excusable neglect or good cause for its failure to take further action before the ninety-day period lapsed.

However, the Court, in its discretion, nevertheless finds it appropriate to extend the time for service here. Importantly, Plaintiff's failure to serve was in good faith, and there is no evidence of dilatory conduct or tactical scheming in the delay. *Cf. Turner v. Kentucky Transp. Cabinet*, No. CIV.A. 3: 10-39-DCR, 2010 WL 5014516, at *4 (E.D. Ky. Dec. 3, 2010) (finding that the plaintiff's dilatory conduct weighed against allowing belated service); *Stewart*, 2000 WL 1785749, at *1 (considering the plaintiffs' lawyer's tactical decision-making further reason for dismissal). Additionally, the Court perceives no prejudice to Defendants in extending the time for service, and allowing a brief extension best serves the interests of justice and preservation of resources. *See John W. Stone Oil Distrib., LLC v. PBI Bank, Inc.*, No. 3:09-CV-862-H, 2010 WL 3221800, at *2 (W.D. Ky. Aug. 12, 2010) (weighing heavily the fact that "Plaintiff will be free to re-file tomorrow and will simply re-effect service of process" in the case of dismissal without prejudice, and finding ultimately persuasive "the apparent lack of prejudice in permitting the case to proceed and the potential waste of resources caused by dismissal without prejudice"). To this end, the Court notes as significant that Plaintiff has already filed Warning Order motions and is prepared to proceed promptly with service; any necessary extension is thus brief and justified under the circumstances and per the relevant standards.

Accordingly, the Court **DISCHARGES** DE #4 and extends the time for service up to and including the date Plaintiff filed its motions pursuing Warning Order relief. The Court addresses those motions, and Warning Order mechanics, via separate Order.

This the 28th day of February, 2019.



Signed By:
*Robert E. Wier* REW
**United States District Judge**

3