UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:18-CV-279-REW |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ESTATE OF BETTY LOUISE PARKS, | ) | |
| DECEASED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

On October 29, 2018, the United States initiated this foreclosure action against the following Defendants: the Estate of Betty Louise Parks, Deceased; Vicky May; Debbie Parks; Roger Parks; and the Unknown Heirs of Betty Louise Parks; as well as the Unknown Spouses of Betty Louise Parks, Vicky May, Debbie Parks, Roger Parks, and the Unknown Heirs of Betty Louise Parks. DE #1 (Complaint). The at-issue property is located at 589 Florence Street, Corbin, Kentucky 40701. The United States now pursues warning order issuance, and appointment of warning order counsel, for all Defendants. DE ##7, 8, 9, 10, 11, 12 (Motions).

"The Federal Rules of Civil Procedure [ ] do not expressly provide for appointment of a warning order attorney." *In re Air Crash at Lexington, Ky., Aug. 27, 2006*, No. CIV.A.5:06CV316-KSF, 2008 WL 217123, at *2 (E.D. Ky. Jan. 25, 2008) (citing Fed. R. Civ. P. 4). As authority for the requests here, Plaintiff cites Federal Rule 4, subsections (e)(1) & (g), and Kentucky Rules 4.05–.08. *See* DE #7 at 2–3; DE #8 at 3; DE #9 at 3; DE #10 at 3; DE #11 at 3; DE #12 at 3.

1

"Fed. R. Civ. P. 4(e)(1) provides that an individual may be served following the state law for serving a summons, which may include, in the Commonwealth of Kentucky, service by warning order attorney under the auspices of Ky. CR 4.05, 4.06, and 4.07." *United States v. Townsend*, No. 5:10-CV-381-JMH, 2010 WL 5014373, at *1 (E.D. Ky. Dec. 3, 2010). Thus, the Court turns to Kentucky Rule 4.05(e), which permits constructive service on a party "whose name or place of residence is unknown to the plaintiff"; for such a party the Court may, "subject to the provisions of Rule 4.06, [issue] an order upon the complaint warning the party to appear and defend the action within 50 days." *Id.* Kentucky requires "strict compliance with [the warning order] rules[.]" *Nolph v. Scott*, 725 S.W.2d 860, 861 (Ky. 1987).

Counsel's affidavits satisfy the permissive Rule 4.05(e) predicate, providing that the current addresses and/or residences for each Defendant are unknown to Plaintiff. *See* DE #7-1 ¶ 2; DE #8-1 ¶¶ 2–3; DE #9-1 ¶¶ 2–3; DE #10-1 ¶¶ 2–3; DE #11-1 ¶ 2; DE #12-1 ¶¶ 2–3. The affidavits further meet the referenced Rule 4.06 strictures.[1] Under the circumstances, Kentucky law requires no more for warning order issuance. *See* CR 4.06(2) ("An affidavit made pursuant to the provisions of Rule 4.06(1), unless it is controverted by the defendant's affidavit, shall be sufficient evidence of the facts therein stated for the

---

[1] Kentucky Rule 4.06(1) requires an affiant to "state the last known address of the defendant, . . . or . . . state his ignorance of such of those facts as he does not know." *Id.* Additionally, non-plaintiff Rule 4.05 affiants must state their "connection with the plaintiff and [their] belief that the plaintiff is ignorant of such facts as are unknown to the affiant." *Id.* Counsel's affidavit complies with the Rule 4.06 requirements. *See* DE #7-1 ¶ 1, DE #8-1 ¶ 1, DE #9-1 ¶ 1, DE #10-1 ¶ 1, DE #11-1 ¶ 1, DE #12-1 ¶ 1 (providing the affiant's connection to Plaintiff); DE #7-1 ¶ 3; DE #8-1 Second ¶ 3; DE #9-1 Second ¶ 3; DE #10-1 Second ¶ 3; DE #11-1 ¶ 3; DE #12-1 ¶¶ 4–5 (providing the last known addresses or stating that they are unknown); DE #7-1 ¶ 4, DE #8-1 ¶ 4, DE #9-1 ¶ 4, DE #10-1 ¶ 4, DE #11-1 ¶ 4, DE #12-1 Second ¶ 4 (noting Plaintiff's ignorance of facts unknown to the affiant).

support of the action as well as of the warning order."). The Court, finding Plaintiff's requests compliant with Kentucky mechanics pursuant to Federal Rule 4(e)(1), will enter warning orders for all Defendants.

Further, the Kentucky rules mandate warning order attorney appointment concurrent with issuance of any warning order. *See* CR 4.07(1) ("The clerk at the time of making a warning order shall appoint, as attorney for the defendant, a practicing attorney of the court."). The Court views Plaintiff's clearance of the Rule 4.05 hurdle as both necessary and sufficient to warrant the requested Rule 4.07 appointments. Accordingly, the Court, for the reasons stated, **GRANTS** DE ##7, 8, 9, 10, 11, and 12 and **ORDERS** as follows:

1. The Court hereby **NOTIFIES** the Estate of Betty Louise Parks, Deceased; Vicky May; Debbie Parks; Roger Parks; the Unknown Heirs of Betty Louise Parks; and the Unknown Spouses of Betty Louise Parks, Vicky May, Debbie Parks, Roger Parks, and the Unknown Heirs of Betty Louise Parks that the United States has initiated an action naming you as Defendants in federal court. *See* DE 1. The Court further **WARNS** these Defendants that a failure to appear and defend in this action within 51 days could result in entry of a default judgment in the Plaintiff's favor. *See* CR 4.08 ("A defendant constructively summoned shall be deemed to have been summoned on the 30th day after the entry of a warning order and the action may proceed accordingly."); Fed. R. Civ. P. 12(a)(1)(A) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint[.]").

2.  The Court **APPOINTS** the following practicing attorneys in good standing as

Warning Order Attorneys for the Defendants, as follows:

James Michael Inman                     Estate of Betty Louise Parks, Deceased
Green, Chesnut & Hughes PLLC
201 E. Main Street
Chase Tower, Suite 800
Lexington, KY 40507
859-475-1471
jinman@gcandh.com

Brandi N. Lewis                         Vicky May
Baldani, Rowland & Richardson
300 W. Short Street
Lexington, KY 40507
859-259-0727
brandi@brr-law.com

Whitney True Lawson                     Unknown Spouse of Vicky May
True Guarnieri Ayer LLP
124 W. Clinton Street
Frankfort, KY 40601
502-605-9900
wlawson@truelawky.com

Benjamin D. Allen                       Debbie Parks
Gess, Mattingly & Atchison, P.S.C.
201 W. Short Street
Lexington, KY 40507
859-252-9000
benallen@gmalaw.com

George Scott Hayworth                   Unknown Spouse of Debbie Parks
Hughes, Lowry, Milner & Hayworth
271 W. Short Street, Suite 812
Lexington, KY 40507
scott.hayworth@qx.net

Jeffrey C. Rager                        Roger Parks
Rager Law, PLLC
444 Lewis Hargett Circle, Suite 180
Lexington, KY 40503
859-963-2929
jrager@ragerlawky.com

| | |
|---|---|
| Timothy Reed Wiseman<br>Stoll Keenon Ogden, PLLC - Lexington<br>300 W. Vine Street, Suite 2100<br>Lexington, KY 40507<br>859-231-3073<br>tim.wiseman@skofirm.com | Unknown Spouse of Roger Parks |
| Pamela Dae Perlman<br>369 W. Vine Street, Suite 2001<br>Lexington, KY 40507<br>859-231-7572<br>pdperlman@hotmail.com | Unknown Spouse of Betty Louise Parks |
| Doreen Helen-Marie Thompson<br>Thompson Law Office - Lexington<br>219 N. Upper Street<br>Lexington, KY 40507<br>859-280-2222<br>Dori@ethompsonlaw.com | Unknown Heirs of Betty Louise Parks |
| John W. Oakley, II<br>Oakley & Oakley<br>271 W. Short Street, Suite 111<br>Lexington, KY 40507<br>859-254-4035<br>jay@oakleylawky.com | Unknown Spouses of the Unknown Heirs of Betty Louise Parks |

3. The Warning Order Attorneys **shall**:

   a. Make diligent efforts to inform the Defendants, by mail, concerning the pendency and nature of this mortgage foreclosure action. The Plaintiff's cause of action is for the foreclosure of the Plaintiff's mortgage lien on the subject real property. The Plaintiff's motion for entry of this Order sets forth the at-issue property's address and the Defendants' addresses last known to the Plaintiff;

5

b. Report the results of their efforts to the Court within 60 days from the date of entry of this Order. Counsel shall verify their reports or submit a supporting affidavit. The reports must include (if applicable) service effort details, supporting documentation communicated or sent to Defendants to effect service, and copies of counsel's written correspondence;

c. If the Warning Order Attorneys are unable to notify the Defendants regarding this action's pendency, they shall so report, and, if able to present a defense, shall then file an answer on Defendant's behalf. Alternatively, if the Warning Order Attorneys are unable to mount a defense, they shall include that information in their reports;

d. Provide a copy of the report to counsel of record for the United States.

4. The Court authorizes the Warning Order Attorneys, in connection with their efforts to notify the defendants, to incur reasonable expenses such as postage, expenses attendant to public records searches, expenses attendant to on-line locator services, and telephone charges. However, the Court requires the Warning Order Attorneys to seek leave before incurring extraordinary expenses outside these categories such as newspaper advertisement charges and private investigator fees.

5. Upon receipt of this Order, Plaintiff's counsel **shall** cause to be delivered, by mail or by electronic means, to the Warning Order Attorneys' offices the following: a copy of the Complaint, a copy of the Plaintiff's motion for this Order, and a copy of this Order.

6. Upon report filing, the Warning Order Attorneys may also file a motion and affidavit for payment of the Warning Order Attorney's fee and expenses. The Court will award the Warning Order Attorneys the customary fee for such services as well as reasonable expenses. The Warning Order Attorneys' fees and expenses shall be taxed as costs.

7. The Warning Order Attorneys may notify the Court if payment is not received within (60) days of any Order awarding fees and expenses.

This the 28th day of February, 2019.

**Signed By:**

*Robert E. Wier* R E W

**United States District Judge**